1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL BAZLEY,                              No.  2:15-cv-02673 GEB AC P

12                      Petitioner,

13          v.                                    ORDER and FINDINGS AND
                                                  RECOMMENDATIONS
14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION,

16                      Respondent.[1]

17

18          I.      Introduction

19          Petitioner is a former state prisoner proceeding pro se and in forma pauperis with a

20   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Currently pending before the

21   court is respondent's motion to dismiss the first of petitioner's three grounds for relief because it

22

23   [1]  The California Department of Corrections and Rehabilitation (CDCR) is substituted as
     respondent herein.  Petitioner was released from prison in September 2016 and asserts that he
24   remains in "constructive custody," apparently because on parole.  See ECF No. 21.  "Under
     California law, 'an inmate-turned-parolee remains in the legal custody of the [CDCR] through the
25   remainder of his term[.]'" Thomas v. Yates, 637 F. Supp. 2d 837, 841 (E.D. Cal. 2009) (quoting
     Samson v. California, 547 U.S. 843, 851 (2006)).  A federal petition for writ of habeas corpus
26   must name as respondent the state officer or entity having custody of the petitioner.  See 28
     U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District
27   Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme
     Court, 21 F.3d 359, 360 (9th Cir. 1994).
28
                                                   1

1  fails to state a cognizable federal claim.[2]  See ECF Nos. 11, 18.

2       This matter is referred to the undersigned United States Magistrate Judge pursuant to 28

3  U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, this court recommends

4  that petitioner's Claim One be dismissed, and that this action proceed on petitioner's remaining

5  Claims Two and Three.

6       II.     The Petition

7       In his petition for writ of habeas corpus, petitioner challenges his no contest plea leading

8  to his August 14, 2015 conviction and five-year prison sentence for violations of California Penal

9  Code sections 530.5(a) (unauthorized use of personal identifying information), and 115.5(b)

10 (making false sworn statement to induce notarial act affecting title to real property).  See ECF No.

11 1.  The petitioner asserts the following claims:  Claim One – unreasonable search and seizure;

12 Claim Two – no contest plea was not knowing or voluntary; Claim Three – ineffective assistance

13 of counsel on multiple grounds, including failure to challenge the subject search.

14      III.    Motion to Dismiss Claim One

15      Petitioner's Claim One challenges the legality of the search of his son's car which led in

16 part to the charges underlying petitioner's convictions.[3]  Petitioner contends that the search was

17

18 [2] Respondent has withdrawn his contention this action should be dismissed as premature.  See
   ECF No. 18; see also ECF Nos. 15, 16, 19.

19 [3] Petitioner's Claim One provides in full, ECF No. 1 at 6-7 (with minor edits):

20       On or about 3/26/14, Deputy Probation Officer William (Bill)
         Collins conducted a so called Probation Search of petitioner's
21       apartment, doing the search Officer Collins removed a set of keys
         from petitioner's bed rm. and left the apartment premises.  When
22       Officer Collins returned to the apartment, he stated he found a
         loaded magazine to a gun in petitioner's car.  Petitioner stated under
23       Miranda advisement that he didn't own a car.  Officer Collins
         searched a car owned and registered to Michael Lee Bazley,
24       petitioner's son. . . . Michael Lee Bazley owned the property
         searched and item seized.
25
         All times relevant before the warrantless unreasonable search of
26       Michael Lee Bazley's car, petitioner was never in custody or
         control of the property searched and item seized.  Petitioner was
27       never in constructive possession, custody nor control of the
         property search and item seized, therefore rendering the search
28       unreasonable.

1   unreasonable under the Fourth Amendment

2          Respondent moves to dismiss petitioner's Claim One on the ground that it is barred from

3   federal habeas review under the Supreme Court's decision in <u>Stone v. Powell</u>, 428 U.S. 465

4   (1976).

5          Petitioner responds that his Fourth Amendment claim should not be dismissed "because

6   the state proceedings did not amount to a full and fair opportunity to litigate the claim either

7   because petitioner was denied a full and fair opportunity to litigate the claim at the trial level or

8   on appeal or both." ECF No. 15 at 2 (sic).  Petitioner further contends that he "was not

9   provide[d] a fair opportunity to raise Claim One/4th Amendment Claim in the state trial court

10   because trial counsel's representation fell below an objective standard of reasonableness." ECF

11   No. 20 at 2.

12          The Fourth Amendment, as applied by the exclusionary rule, prohibits the use of illegally

13   obtained evidence in a criminal proceeding.  "The exclusionary rule was a judicially created

14   means of effectuating the rights secured by the Fourth Amendment." <u>Stone</u>, 428 U.S. at 482.

15   "'The rule is calculated to prevent, not to repair.'" <u>Id.</u> at 484 (quoting <u>Elkins v. United States</u>,

16   364 U.S. 206, 222 (1960)).  "[T]hese considerations support the implementation of the

17   exclusionary rule at trial and its enforcement on direct appeal of state-court convictions." <u>Stone</u>,

18   428 U.S. at 493. However, "where the State has provided an opportunity for full and fair litigation

19   of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on

20   the ground that evidence obtained in an unconstitutional search or seizure was introduced at his

21   trial." <u>Id.</u> at  494, fns. omitted.

22          Pursuant to this authority, the court finds that petitioner's Claim One, premised on the

23   Fourth Amendment, is not cognizable on federal habeas review and must therefore be dismissed.

24   Petitioner may, however, continue to pursue his argument that his Fourth Amendment rights were

25   not adequately protected in the state criminal proceeding, to the extent such a theory is

26

27          Proposition that a person can have a legally sufficient interest in a
            place other than his own home so that the Fourth Amendment
            protects him from unreasonable warrantless governmental intrusion
28          into that place.

3

1  encompassed by his Sixth Amendment ineffective assistance of counsel claim (Claim Three).

2  See Lockhart v. Fretwell, 506 U.S. 364, 380, n.6 (1993) ("although certain Fourth Amendment

3  violations are themselves not cognizable on federal habeas review, see Stone v. Powell, 428 U.S.

4  465 (1976), counsel's failure to litigate such Fourth Amendment claims competently may still

5  give rise to a cognizable ineffective-assistance claim") (citing Kimmelman v. Morrison, 477 U.S.

6  365, 374 (1986)).

7          IV.     Petitioner's Request for Appointment of Counsel

8          Petitioner has filed a second "form request" for appointment of counsel.  His first request

9  was denied without prejudice.  See ECF No. 10.  Petitioner again asserts that he is indigent and

10  unlearned in the law, and requires the assistance of counsel to protect his interests; petitioner

11  notes that he has a twelfth-grade education.  See ECF No. 17.  As the court previously informed

12  petitioner, there is no absolute right to appointed counsel in habeas proceedings.  See Nevius v.

13  Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Nevertheless, the court may appoint counsel at any

14  stage of a habeas proceeding "if the interests of justice so require."  See 18 U.S.C. § 3006A; Rule

15  8(c), Fed. R. Governing § 2254.

16          This court finds that appointment of counsel is not required at the present time to ensure

17  that the interests of justice are met in this case, particularly because plaintiff has not demonstrated

18  a reasonable likelihood of success on the merits of his remaining claims.  Therefore, petitioner's

19  instant request for appointment of counsel, ECF No. 17, will be denied without prejudice.

20          V.      Petitioner's Request for an Evidentiary Hearing

21          Petitioner requests that the court convene an evidentiary hearing "on the grounds, That

22  The defendant failed and/or Refused to address The Merits of This Case, and Withdraw Their

23  Motion To dismiss."  ECF No. 21 at 1 (sic).

24          The Supreme Court has made clear that in determining whether an evidentiary hearing is

25  warranted under 28 U.S.C. 2254(e)(2), the court must consider the standards for habeas relief

26  under section 2254(d).  See Cullen v. Pinholster, 563 U.S. 170, 183 (2011) ("'[B]ecause the

27  deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court

28  must take into account those standards in deciding whether an evidentiary hearing is

4

1    appropriate.'") (quoting <u>Schiro v. Landrigan</u>, 550 U.S. 465, 474 (2007).).  In other words, the

2    process of determining whether an evidentiary hearing should be granted necessarily includes an

3    analysis of both sections 2254(d) and 2254(e)(2).  <u>See</u> <u>Cullen</u> at 183-86; <u>see</u> <u>also</u> <u>Landrigan</u>, 550

4    U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must consider

5    whether such a hearing could enable an applicant to prove the petition's factual allegations,

6    which, if true, would entitle the applicant to federal habeas relief.").

7            In light of this analytical overlap and the overwhelming demand on the court's docket, the

8    court finds that the most prudent approach is to defer a decision on whether an evidentiary

9    hearing is appropriate until the court conducts a section 2254(d) analysis.  <u>See</u> <u>Landrigan</u>, 550

10   U.S. at 473 (decision to grant an evidentiary hearing generally left to the sound discretion of the

11   district court) (citations omitted).

12           Therefore, petitioner's request for an evidentiary hearing will be denied without prejudice

13   and the court will address sua sponte whether an evidentiary hearing is warranted when the merits

14   of the petition are considered.

15           VI.      <u>Conclusion</u>

16           For the foregoing reasons, IT IS HEREBY ORDERED that:

17           1. Petitioner's motion for appointment of counsel, ECF No. 17, is denied without

18   prejudice; and

19           2. Petitioner's motion for an evidentiary hearing, ECF No. 21, is denied without

20   prejudice.

21           Additionally, IT IS HEREBY RECOMMENDED that:

22           1. Respondent's motion to dismiss petitioner's Claim One, ECF No. 11, be granted;

23           2. This action proceed on petitioner's Claims Two and Three;

24           3. Respondent be directed to file and serve an answer within sixty days, accompanied by

25   all transcripts and other documents relevant to the remaining issues presented in the petition, <u>see</u>

26   Rules 4 and 5, 28 U.S.C. foll. § 2254; and

27           4. Petitioner be accorded the option of filing and serving a reply within thirty days after

28   service of the answer.

1     These findings and recommendations are submitted to the United States District Judge

2   assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen days

3   after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

6   he shall also address whether a certificate of appealability should issue and, if so, why and as to

7   which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed

8   within fourteen days after service of the objections.  The parties are advised that failure to file

9   objections within the specified time may waive the right to appeal the District Court's order.

10   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   DATED: January 27, 2017

12   _____

       ALLISON CLAIRE
13      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28