UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAZLEY, | No. 2:15-cv-2673 TLN AC |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Respondent.[1] | |

Petitioner is a former California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition challenges petitioner's 2015 convictions for identity theft, a notarization-related offense, and possession of

---

[1] The California Department of Corrections and Rehabilitation (CDCR) will be substituted as respondent. Petitioner was released from prison to parole during the pendency of this case. See ECF No. 21. "Under California law, 'an inmate-turned-parolee remains in the legal custody of the [CDCR] through the remainder of his term[.]'" Thomas v. Yates, 637 F. Supp. 2d 837, 841 (E.D. Cal. 2009) (quoting Samson v. California, 547 U.S. 843, 851 (2006)). A federal petition for writ of habeas corpus must name as respondent the state officer or entity having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). If petitioner is no longer under the legal custody of CDCR, counsel for respondent shall so notify the court and shall request the appropriate substitution.

ammunition by a felon. Respondent has answered, ECF No. 26, and petitioner has filed a traverse, ECF No. 27.

## BACKGROUND

### I.      Proceedings in the Trial Court

Following a probation search on March 26, 2014, petitioner was charged under two separate case numbers in Sacramento Superior Court. Petitioner was charged in Case No. 14F02123 with the unlawful possession of ammunition, in violation of Cal. Penal Code § 3035(a)(1). ECF No. 26-1 at 53-54. Petitioner was charged in Case No. 14F02186 with identity theft. The charges ultimately brought in that case were five counts of identity theft, in violation of Cal. Penal Code § 530.5; and one count of making a false sworn statement to a notary public, in violation of Cal. Penal Code §115.5(b). ECF No. 26-1 at 33-37. Four prior convictions were alleged. Id.

A preliminary hearing was held on August 21, 2014. Evidence of the following facts was presented. A probation search of petitioner's car and apartment was conducted on March 26, 2014. The trunk of the vehicle contained a loaded firearm magazine. It was discovered that petitioner was renting his apartment under the name Dennis Carroll, and the application paperwork for the rental provided Dennis Carroll's birth date and Social Security number. When he rented the apartment, petitioner had presented a driver's license that showed his own photograph with Dennis Carroll's name and personal identifying information. The apartment contained personal information of several other individuals, and an AT&T bill in the name Dennis Carroll. It was later determined that petitioner had opened the account using his own address and phone number and Dennis Carroll's name and personal identifying information.

Petitioner later wrote a letter to the apartment manager from jail, saying that he was really Dennis Carroll but also used the name Michael Bazley. The letter asked the manager to let petitioner's wife into the apartment. The letter had been notarized. The notary had been told by petitioner that he was Dennis Carroll. The real Dennis Carroll was located and reported that he had been the victim of identity theft. He did not know petitioner and had not given him permission to use his identity. Further investigation disclosed that petitioner had purchased

furniture on two different dates, using the personal identifying information of Dennis Carroll to obtain credit. He had also attempted to open a bank account using Dennis Carroll's identity. ECF No. 26-1 at 66-95 (transcript of preliminary hearing).

On August 14, 2015, pursuant to a negotiated plea agreement that encompassed both cases, petitioner entered no contest pleas to four counts. He pled no contest to unlawful possession of ammunition in Case No. 14F02123, and in Case No. 14F02186 he pled no contest to two counts of identity theft, and to making a false statement to a notary public. Three additional counts of identity theft were dismissed. The agreement called for an aggregate sentence of five years in prison. Sentence was imposed immediately upon the change of plea, pursuant to the agreement. ECF No. 26-1 at 130-139 (transcript of change of plea hearing); id. at 114 (abstract of judgment).

II.     Post-Conviction Proceedings

Petitioner timely appealed. Appointed counsel filed a Wende brief,[2] and subsequently a request for dismissal. ECF No. 26-1 at 143-148, 149-152. The California Court of Appeal dismissed the appeal on April 6, 2016. ECF No. 26-1 at 153; Lodged Doc. 6 (lodged in paper).

Petitioner filed a petition for writ of habeas corpus in the Superior Court of Sacramento County on August 27, 2015. ECF No. 26-1 at 158-173; see also id. at 174 (Supplemental Grounds for Relief filed August 31, 2015). The petition was denied by written order on September 25, 2015. ECF No. 26-1 at 154-156. Petitioner next filed a habeas petition in the California Court of Appeal, which was denied without comment or citation on October 29, 2015. ECF No. 26-1 at 194. Petitioner then sought habeas review in the California Supreme Court, which was denied on December 9, 2015. ECF No. 26-1 at 226.

The instant federal petition was docketed on December 28, 2015. ECF No. 1. On March 1, 2016, respondent filed a motion to dismiss Claim One on grounds that it failed to state a cognizable claim for relief. ECF No. 11.[3] The undersigned recommended that the motion be

---

[2] People v. Wende, 25 Cal.3d 436 (1979).

[3] Claim One alleged that petitioner's conviction was unconstitutional because the vehicle search that led to the investigation and eventual charges was unreasonable in violation of the Fourth Amendment. Such a claim may not be brought in habeas. Stone v. Powell, 428 U.S. 465 (1976).

3

granted, ECF No. 22, and the district judge adopted that recommendation, ECF No. 23. Respondent subsequently filed an Answer addressing Claims Two and Three, ECF No. 26, and petitioner filed a traverse, ECF No. 27.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 582 U.S. 86, 99 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 569 U.S. 58, 64 (2013).

////

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 180-181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. at 181-182. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 582 U.S. at 102.

## DISCUSSION

I. Claim Two: Involuntary Plea

  A. Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges that his no contest plea was not knowing and intelligent, and that it was "induced by misrepresentation of a fundamental nature." ECF No. 1 at 9. The alleged misrepresentation apparently lay in a lack of advance notice that the notary charge would be added on the day of his plea, and/or that the timing of the amended charge was inherently coercive. No other specific "misrepresentation" is specified, though petitioner says without explanation that the notary charge was itself falsely represented. ECF No. 1 at 9-10. It is unclear whether petitioner means that the nature of the offense, or the consequences of pleading no

5

contest to the offense, were misrepresented to him (and if so, by whom), or that the facts supporting his plea were misrepresented to the court.

      The superior court record shows that petitioner was originally charged in Case No. 14F02186 with four counts of identity theft. ECF No. 26-1 at 21-23 (felony complaint filed April 14, 14). The charges were amended four months later to add a fifth count of identity theft and allegations of prior convictions. Id. at 24-27 (amended felony complaint filed August 21, 2014). On the day of the change of plea, pursuant to the negotiated disposition, an amended information was filed that contained the five counts of identity theft and the false statement to a notary charge. Id. at (amended information filed August 14, 2015). The plea agreement, as previously noted, called for petitioner to plead guilty to two counts of identity theft and the notary-related charge in Case No 14F02186, as well as the ammunition charge in the other case, in exchange for dismissal of all other counts and allegations.

      At the change of plea hearing, the judge ordered the amended information filed and then recited his understanding of the plea agreement, including the anticipated no contest plea to the notary-related charge and resulting eight month sentence. Petitioner stated that he understood and agreed. ECF No. 26-1 at 130-132. As to the plea deal as a whole, including the aggregate five-year term for both cases, petitioner stated that he understood and agreed. Id. A stipulated factual basis was presented that included a factual basis for the notary-related charge. Id. at 132-133. The judge advised petitioner of the trial rights he was waiving by pleading no contest, and petitioner affirmatively waived them. Id. at 133-134. Both petitioner and his lawyer confirmed that they had discussed the charges, any possible defenses, and the consequences of the plea. Id. at 134. Petitioner denied any threats or inducements. Id. at 135. He denied being under the influence of any mind-altering substances, and he was informed of collateral consequences. Id. Petitioner admitted making a false sworn statement to a notary, id. at 136, and he affirmed that he was entering his plea freely and voluntarily, after consultation with counsel, id. at 137. The judge made an express finding that the plea was knowing, intelligent, and voluntary. Id.

////

////

### B. The Clearly Established Federal Law

A guilty plea is constitutionally valid to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970). More specifically, a plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985). Voluntariness is determined on the basis of all the relevant circumstances. Brady, 397 U.S. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in the constitutional sense unless induced by threats, misrepresentation, or improper promises. Id. at 755. A plea qualifies as intelligent when the criminal defendant first receives "real notice of the true nature of the charges against him." Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).

### C. The State Court's Ruling

This claim was presented to the California Court of Appeal and then to the California Supreme Court on habeas, where it was denied summarily. See ECF No. 26-1 at 226, 229-231. Because the voluntariness of the plea was not raised as a ground for relief in superior court, this court does not "look through" to the written decision of that court. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).[4] Rather, the undersigned must evaluate the unexplained denial of relief by the state's highest court under the objective reasonableness standard of 28 U.S.C. § 2254(d). Richter, 582 U.S. at 102. Because the summary denial of a claim under California law reflects a conclusion that petitioner has failed to state a prima facie claim for relief, People v. Duvall, 9 Cal. 4th 464, 474, 475 (1995), the absence of a prima facie case is the decision reviewed for

---

[4] The habeas petition that petitioner filed in the superior court alleged that the last-minute amendment of the charges constituted prosecutorial misconduct, and that petitioner was denied a proper arraignment and preliminary hearing on the notary-related charge. He did not expressly allege that his plea was involuntary as a result of the allegedly improper amendment. ECF No. 26-1 at 160, 163. The superior court denied the prosecutorial misconduct claim on procedural grounds. Id. at 155 (citing In re Dixon, 41 Cal. 2d 756, 759 (1953)). Even if the claims forwarded in the superior court and in the California Supreme Court were sufficiently similar to support application of the "look through" presumption here, the undersigned would elect to bypass the procedural default issue presented by the superior court's reliance on Dixon, because the claim can be denied on the merits. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997); see also Day v. McDonough, 547 U.S. 198, 208-209 (2006).

reasonableness here.  See Nunes v. Mueller, 350 F.3d 1045, 1054-1055 (9th Cir. 2003), cert. denied, 543 U.S. 1038 (2004).

### D.  Objective Reasonableness Under § 2254(d)

Summary denial of this claim cannot have been objectively unreasonable, because the transcript of the plea colloquy includes petitioner's express acknowledgements that he understood the charges to which he was pleading no contest, the rights he was waiving, and all consequences of his plea.  A defendant's representations at the time of his guilty plea, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings," as "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Typically, "the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused." Henderson v. Morgan, 426 U.S. 637, 647 (1976).  But "even without such an express representation [by counsel], it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Id.

Here, defense counsel expressly represented and petitioner expressly confirmed that they had discussed all the charges and that petitioner understood them.  Petitioner bears a heavy burden to overcome the presumption of verity that attaches to those statements.  Blackledge, supra.  None of the materials attached to any of the habeas petitions, state or federal, include any evidence that would undermine the credibility of petitioner's statements at the change of plea hearing, or the validity of the judge's voluntariness finding.  Petitioner has made no specific allegations of fact which, if true, would even arguably disturb the presumption of truthfulness that attaches to his own statements at the plea colloquy or the presumption of correctness that attaches to the trial court's factual finding of voluntariness.

Because petitioner has not met his burden of presenting facts that would render his plea involuntary, it was not objectively unreasonable for the state courts to conclude that petitioner had failed to present a prima facie case of an involuntary plea.  Relief is therefore barred by § 2254(d).

1    II.    Claim Three: Ineffective Assistance of Counsel

2          A.   Petitioner's Allegations and Pertinent State Court Record

Petitioner alleges generally that his no contest pleas were the result of ineffective assistance of counsel. See Claim One, ECF No. 1 at 9-10. He alleges further that counsel provided deficient representation by (1) failing to bring a motion to suppress evidence on grounds of an unreasonable search; (2) failing to object to the filing of the amended information that included the notary-related charge, which was not supported by the facts; and (3) failing to seek a continuance to prepare for sentencing. ECF No. 1 at 11, 13.

B.   The Clearly Established Federal Law

Because the Sixth Amendment entitles criminal defendants to effective counsel during the plea-bargaining process, the two-part Strickland test applies to ineffective assistance of counsel claims relating to the plea process. See Missouri v. Frye, 566 U.S. 134 (2012); Lafler v. Cooper, 566 U.S 166 (2012). To prevail, a petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). In the plea context, the performance prong turns not on whether "counsel's advice [was] right or wrong, but... whether that advice was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). In any context, prejudice requires a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 693-94.

C.   The State Court's Ruling

This claim was rejected in a reasoned decision by the superior court. Accordingly, this court "looks through" the silent denials of the state appellate courts, which are presumed to have adopted the reasoning of the lower court. See Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).

The superior court ruled as follows:

> Petitioner alleges that trial counsel was ineffective for: (1) failing to object to the late amendment of the information; (2) failing to move to suppress evidence; and (3) allowing Petitioner to plead no contest

> when there was insufficient evidence of Count 6 in case number 14F02186. First, Petitioner argues that counsel should have objected to the amended information on the grounds that it was improper to add a charge when he had not had a preliminary hearing on that charge. However, he has failed to show that he has been prejudiced by counsel's omission. Assuming counsel had objected to the amendment and the count had not been added to the existing information, Count 6 could have been charged in a separate case and complaint. Petitioner has not shown the outcome (petitioner's no contest pleas and aggregate prison term) likely would have been any different if Count 6 had been separately charged. Second, Petitioner has not shown that counsel's failure to file a motion to suppress evidence was prejudicial because even if Petitioner had legal standing to contest the search, he has not shown that the search was unreasonable under the Fourth Amendment. Third, Petitioner claims that counsel should not have allowed and/or advised Petitioner to plead no contest. However, there are tactical reasons why counsel may have advised Petitioner to plead no contest to Count 6 despite the fact that there may not have been evidence sufficient to result in a guilty jury verdict. In particular, Petitioner was offered a negotiated plea in which three counts were dismissed in case number 14F02186 and four prison prior conviction allegations were dismissed in case number 14F02123. Given petitioner's potential exposure if convicted of the original combined six counts and if the prior convictions had been found true, it was not unreasonable for counsel to have advised Petitioner to accept the plea offer for an aggregate five-year prison term, including pleading no contest to Count 6. Therefore, Petitioner has not shown that trial counsel's conduct was objectively unreasonable or that it resulted in prejudice to Petitioner's case.

ECF No. 26-1 at 155-156.

### D. Objective Unreasonableness Under § 2254(d)

The state courts did not unreasonably reject petitioner's ineffective assistance of counsel claim. The superior court accurately noted that petitioner had not demonstrated prejudice from his lawyer's failure to object to the amendment of the information or failure to bring a suppression motion. Because it is petitioner's burden to establish prejudice, a failure of proof on this prong precludes relief under Strickland.[5] And it is entirely proper to deny an ineffective

////

---

[5] See Wiggins v. Smith, 539 U.S. 510, 534 (2003) (defendant must show that there is a reasonable probability that, bout for counsel's unprofessional errors, the result of the proceeding would have been different); see also Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir.), cert. denied, 531 U.S. 908 (2000) (factual claims not supported by the record present no basis for federal habeas relief).

assistance claim on prejudice grounds without considering the performance prong of the analysis. Strickland, 466 U.S. at 697.

On the suppression issue, the undersigned notes further that such a motion would have likely been futile because it is well-established that searches of probationers do not require probable cause. See United States v. Knights, 534 U.S. 112, 121 (2001). Counsel does not perform deficiently by failing to raise an issue with little merit or chance of success. See Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996).

As to counsel's role in securing petitioner's plea, the superior court correctly concluded that the plea bargain benefitted petitioner. Accordingly, counsel's actions in relation to negotiating the plea cannot be considered outside the range of reasonable attorney performance. Moreover, petitioner has made no allegations regarding any specific advice counsel gave him that might be considered beyond "the range of competence demanded of attorneys in criminal cases." McMann, 397 U.S. at 771. The record overall gives no indication that the plea bargain was anything but favorable to petitioner. And because the plea bargain included a stipulated sentence and immediate sentencing among its terms, counsel's failure to seek a continuance of sentencing cannot be considered deficient performance. For all these reasons, it was not objectively unreasonable of the state courts to deny this claim for failure to satisfy the performance prong of Strickland.

Even without reference to AEDPA standards, this claim would fail because petitioner has made no showing that he would likely have obtained a better outcome had counsel moved to suppress, objected to Count 6, and advised against taking the plea bargain. As the superior court noted, petitioner would have faced a potential aggregate sentence of far more than five years had three counts of identity theft and four prior prison term allegations not been dropped as part of the plea deal.[6] And the evidence presented at the preliminary hearing does not suggest that petitioner would likely have achieved a better result by going to trial. For all these reasons, this claim should be denied.

---

[6] Moreover, respondent argues that petitioner could have been charged with perjury in relation to his false statement to the notary. See ECF No. 26 at 1-2.

CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that the Clerk of Court shall substitute the California Department of Corrections and Rehabilitation as respondent in this action.

IT IS FURTHER RECOMMENDED that the petition for writ of habeas corpus be denied on the grounds set forth above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE